WILSON TURNER KOSMO LLP
FREDERICK W. KOSMO, JR. (138036)
HUBERT KIM (204957)
MORGAN P. SUDER (292499)
550 West C Street, Suite 1050
San Diego, California  92101
Telephone:  (619) 236-9600
Facsimile:   (619) 236-9669
E-mail:  fkosmo@wilsonturnerkosmo.com
E-mail:  hkim@wilsonturnerkosmo.com
E-mail:  msuder@wilsonturnerkosmo.com

JONATHAN T. SUDER (*Pro Hac Vice* to be filed)
CORBY R. VOWELL (*Pro Hac Vice* to be filed)
RICHARD A. WOJCIO, JR. (*Pro Hac Vice* to be filed)
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas  76102
Telephone:  (817) 334-0400
Facsimile:  (817) 334-0401
Email:  jts@fsclaw.com
Email:  vowell@fsclaw.com
Email:  wojcio@fsclaw.com

Attorneys for Plaintiff
KAJEET, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| KAJEET, INC., | CASE NO. 2:18-CV-643 |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| vs. | |
| LIMINEX INC. d/b/a GOGUARDIAN, | **JURY TRIAL DEMANDED** |
| Defendant. | |

1
COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff KAJEET, INC. files this Original Complaint against Defendant LIMINEX INC. alleging as follows:

## I. THE PARTIES

1. KAJEET, INC. ("Plaintiff" or "Kajeet") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 7901 Jones Branch Drive, Suite 350, McLean, Virginia 22102.

2. Defendant LIMINEX INC. d/b/a GOGUARDIAN ("Defendant" or "Liminex") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 200 N. Sepulveda Boulevard, Suite 200, El Segundo, California 90245, within the Central District of California. Liminex may be served with process by serving Mr. Advait Shinde at 880 Apollo Street, Suite 241, El Segundo, California 90245.

## II. JURISDICTION AND VENUE

3. This is an action for infringement of several United States patents. Federal question jurisdiction is conferred to this Court over such action under 28 U.S.C. §§ 1331 and 1338(a).

4. Upon information and belief, Defendant has sufficient minimum contacts with the Central District of California such that this venue is fair and reasonable. Defendant has committed such purposeful acts and/or transactions in this District that it reasonably should know and expect that they could be hailed into this Court as a consequence of such activity. Defendant has transacted and, at the time of the filing of this Complaint, continues to transact business within the Central District of California.

5. Further, upon information and belief, Defendant makes or sells products that are and have been used, offered for sale, sold, and/or purchased in the Central District of California. Defendant directly and/or through its distribution network, places infringing products or systems within the stream of commerce, which stream is

directed at this district, with the knowledge and/or understanding that those products will be sold and/or used in the Central District of California.

6. Liminex maintains an established and regular place of business within the Central District of California at 200 N. Sepulveda Boulevard, Suite 200, El Segundo, California 90245. Upon information and belief, Liminex develops and sells its software products, including the accused GoGuardian products as described herein, at this location.

7. For these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b), respectively.

### III.    BACKGROUND AND FACTS

8. Kajeet is the owner of all rights and title in and to U.S. Patents Nos. 8,667,559 ("the '559 Patent"), 8,712,371 ("the '371 Patent"), and 8,630,612 ("the '612 Patent"). These patents are sometimes referred to collectively hereinafter as "the Asserted Patents." The respective inventions disclosed and claimed in the Asserted Patents were developed by the founders, entrepreneurs, and engineers of Kajeet and were assigned to Kajeet upon issuance.

9. Kajeet is a U.S.-based company, founded in 2003, which develops software and hardware solutions promoting safe use of mobile devices by children both at home and in schools and libraries. Kajeet was founded by three fathers who sought to develop systems and methods ensuring safe use of mobile phones, tablets, computers, and other mobile devices by their children.

10. Kajeet has become an industry leader in this area of mobile device management, developing innovations that led to the issuance of thirty U.S. patents, including the Asserted Patents, and having implemented its solutions in hundreds of school districts comprising thousands of schools across the nation. These innovations were directly developed by the founders and engineers at Kajeet as part of Kajeet's continuous work to protect children from inappropriate and distracting online content,

3
COMPLAINT FOR PATENT INFRINGEMENT

and to enable schools to keep students focused on their educational materials and curricula.

11. Liminex is a software developer located in El Segundo, California, developing and selling software solutions accommodating filtering, monitoring, and device management of Google Chromebooks. Chromebooks are mobile computing devices usable to access online content and applications over communication networks. In recent years, many school districts have begun use of Chromebooks as educational aids for providing access to online content to students.

12. The Liminex products are marketed and sold under the GoGuardian brand name. Liminex's current GoGuardian products include Admin 2.0 and Teacher products. Each of these GoGuardian products operate in a substantially similar manner to accommodate at least content filtering and implementation of usage policies controlling access to content over communications networks. Liminex's GoGuardian products accommodate device management for Chromebooks by, among other things, selectively blocking or allowing access to applications and online content via the application of Liminex's pre-built and administrator-configured usage policies.

13. The GoGuardian products control Chromebook operation via application of policies that are remotely stored on Liminex servers and accessed by the managed Chromebook devices via Google extensions Chromium M and Chromium License. These extensions are configured via Liminex's GoGuardian website at admin.goguardian.com by administrators and are force-installable onto the managed Chromebooks. Policy criteria include device functionality, classifications of online content sought to be accessed or received, time of day, physical location of the device, and/or grouping of device users into organizational units, among others.

14. Policies set by administrators, which may comprise one or more of Liminex personnel, IT personnel, school faculty, and/or parents, are configurable through online portals or dashboards. Policies are implemented on managed

Chromebooks through the force installed Google extensions and are inaccessible for modification by the managed devices.

15. In operation, users of the managed Chromebooks initiate requests to execute functions on the managed devices which may require communication over a network. Upon information and belief, these requests are routed through one or more Liminex servers for comparison to all applicable policies relevant to the particular user, device, or organizational unit(s) to which either the user or device belong, to determine, at least, whether the requested communication or function is to be permitted or blocked. Policy decisions occur in real time as requests are made. Decisions whether to allow or deny such requests are communicated to the managed device and are enforced via permitting or blocking execution of the requested function or communication. Additionally, or alternatively, usage requests and policy decisions may be communicated to administrators via alerts or via access to usage logs cataloguing all requests for execution of functions and communications initiated by users of the managed device through online administrator portals or dashboards.

16. Each managed Chromebook may be subject to several policies set by one or more administrators at a given time by virtue of inclusion within several organizational units ("OUs"). For example, a Chromebook assigned to a 7th grade student enrolled in Mr. Smith's first period English class may be simultaneously subject to policies relevant to the entire school district, to 7th grade students, and to students enrolled in Mr. Smith's first period English class. In such a scenario, a policy applicable to one OU which may allow a particular usage request may be overridden by a second simultaneously applicable policy disallowing the particular usage request. Similarly, a policy applicable to one OU which may disallow a particular usage request may be overridden by a second simultaneously applicable policy allowing the particular usage request.

17. Policies enforced using the accused GoGuardian products may be configured to be enforceable only during specified times of day or when the managed

devices are within specified locations.  For example, policies relevant to a particular class session may be configured for application only during the times and on the day(s) that the class is in session and/or while the managed device is physically disposed within the corresponding classroom or on school grounds.  Similarly, policies relating to accessing specified content over the Internet, such as YouTube videos, for example, may be applied only during school hours or only during times when the managed device is physically located on school grounds.

18. Liminex provides instructions to its customers and users of the accused GoGuardian products relating to setting up and initiating use of its GoGuardian products through at least its website at https://help.goguardian.com/hc/en-us/categories/115000821923-Admin.  The several articles linked to this page provide step-by-step instructions for use of the accused GoGuardian products to set up and enforce usage policies to manage Chromebooks which directly infringe one or more claims of the Asserted Patents, as detailed in the following sections.

19. On June 1, 2017, Kajeet sent a letter to Liminex informing Liminex of the Kajeet patents and their subject matter and alleging infringement of at least the '371 Patent and the '559 Patent by Liminex via its making and selling of the accused GoGuardian products.  Attached to this correspondence were claim charts detailing Kajeet's infringement allegations along with a listing of all Kajeet patents, including each of the Asserted Patents.  Liminex first responded to Kajeet's letter and allegations through its in-house counsel on June 20, 2017.  As such, Liminex has had actual knowledge of each of the Asserted Patents since at least early June 2017 and, further, has had actual knowledge of Kajeet's claims of infringement relating to the '559 Patent and the '371 Patent, which claims of infringement were substantially the same as those presented herein, since that time.  Liminex has provided no non-infringement arguments in response to Kajeet's allegations and continues to make, use, and sell the accused GoGuardian products.

20. Additionally, or alternatively, Liminex has been aware of each of the Asserted Patents as well as the specific claims of infringement alleged herein since at least January 24, 2018 when Liminex, through its counsel, signed for and received a letter from Kajeet listing Kajeet's infringement allegations consistent with those presented herein.

## COUNT I
## PATENT INFRINGEMENT
## U.S. Patent No. 8,667,559 B1

21. Kajeet repeats and re-alleges all preceding paragraphs of this Complaint, as though fully set forth herein.

22. On March 4, 2014, United States Patent No. 8,667,559 B1 ("the '559 Patent") was duly and legally issued for "Feature Management of a Communication Device."  As of the filing of this Complaint, the '559 Patent remains in force.  A true and correct copy of the '559 Patent is attached hereto as Exhibit "A" and made a part hereof.

23. Kajeet is the owner of all right and title in the '559 Patent, including all rights to enforce and prosecute action for infringement of the '559 Patent and to collect damages for all relevant times against infringers of the '559 Patent. Accordingly, Kajeet possesses the exclusive right and standing to prosecute the present action for infringement of the '559 Patent by Liminex.

24. The '559 Patent generally discloses and claims systems and methods for controlling computing devices, such as Google Chromebooks, for example, usable on communication networks to perform various functions, such as sending and receiving data over the Internet via one or more servers, for example.  The systems and methods accommodate enforcement of decisions granting or denying such requests to communicate with remote computing devices over a communication network.  The decisions are based on the application of one or more relevant use policies which may be administrator-configurable and may be stored remotely from the controlled

computing device. Decisions to grant or deny communication requests made by the controlled device may be made and effectuated in real-time.

25. Liminex has had actual knowledge of the existence of the '559 Patent since at least early June 2017 for at least the reasons discussed above. As such, Liminex' infringement of the '559 Patent has been willful since at least early June 2017.

26. Liminex, without authority, consent, right, or license, and in direct infringement of the '559 Patent, makes, has made, uses, and sells products that practice the method claimed in at least claim 27 of the '559 Patent, among others. By way of example only, Liminex's quality testing and demonstrations of operation of the accused GoGuardian products to manage use of Chromebooks directly infringe at least Claim 27 of the '559 Patent.

27. Liminex also actively induces infringement of one or more of the claims of the '559 Patent by its customers and end users of at least the accused GoGuardian products and is therefore liable for indirect infringement under 35 U.S.C. § 271(b). Use of the accused GoGuardian products, such as Admin 2.0 and Teacher, to manage use of Chromebooks in the manners described above infringes at least Claim 27 of the '559 Patent. Liminex makes and sells the accused GoGuardian products knowing that they are especially designed for and marketed toward such infringing use by users of these products, such as by school districts and teachers, for example, for use in selectively permitting or denying use of Chromebook functionality by students. Further, Liminex provides step-by-step instructions for use of the accused GoGuardian products in ways that infringe claims of the '559 Patent in the form of online content available through the GoGuardian website.

28. Liminex contributes to the infringement of one or more of the claims of the '559 Patent by its customers and end users of at least the accused GoGuardian products and is therefore liable for indirect infringement under 35 U.S.C. § 271(c). Liminex makes and sells the accused GoGuardian products which are especially

designed for use to manage Chromebooks through the setting and enforcement of remotely stored administrator-configured policies in the manner described above. Policies are set and stored via online dashboards and servers of Liminex and implemented through force-installed Google extensions on the managed devices. As such, Liminex's online dashboards and servers comprise material aspects of the method claimed in at least claim 27 of the '559 Patent. Further, upon information and belief, the accused GoGuardian products have no substantial non-infringing use, as they are specifically designed and marketed for use in managing use of Chromebooks. Use by Liminex's customers of the accused GoGuardian products in the manner proscribed by Liminex on the GoGuardian website constitutes direct infringement of at least claim 27 of the '559 Patent.

29. Kajeet expressly reserves the right to assert additional claims of the '559 Patent against Liminex.

30. Kajeet has been damaged as a result of Liminex's infringing conduct. Liminex is, thus, liable to Kajeet in an amount that adequately compensates for their infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

31. Based on Liminex's actual knowledge of the '559 Patent and of Kajeet's allegations of patent infringement which are consistent with those presented herein since at least June 1, 2017, if not earlier, as well as Liminex's objective recklessness in continuing to offer for sale and selling the accused GoGuardian products since that time, Kajeet is further entitled to enhanced damages under 35 U.S.C. § 284.

## COUNT II
## PATENT INFRINGEMENT
## U.S. Patent No. 8,712,371 B2

32. Kajeet repeats and re-alleges all preceding paragraphs of this Complaint, as though fully set forth herein.

33. On April 29, 2014, United States Patent No. 8,712,371 B2 ("the '371 Patent") was duly and legally issued for "Feature Management of a Communication Device." As of the filing of this Complaint the '371 Patent remains in force. A true and correct copy of the '371 Patent is attached hereto as Exhibit "B" and made a part hereof.

34. Kajeet is the owner of all right and title in the '371 Patent, including all rights to enforce and prosecute action for infringement of the '371 Patent and to collect damages for all relevant times against infringers of the '371 Patent. Accordingly, Kajeet possesses the exclusive right and standing to prosecute the present action for infringement of the '371 Patent by Liminex.

35. The '371 Patent generally discloses and claims systems and methods for managing computing devices, such as Google Chromebooks, for example, usable on communication networks to perform various functions, such as sending and receiving data over the Internet via one or more servers, for example. The systems and methods comprise switches or nodes through which usage requests are routed along with decision making and enforcement functionality accommodated by software and/or hardware modules. Policy decisions are based on the application of one or more relevant usage policies which may be administrator-configurable and may be stored remotely from the controlled computing device. Decisions to grant or deny requests are enforced on the managed devices.

36. Liminex has had actual knowledge of the existence of the '371 Patent since at least early June 2017 for at least the reasons discussed above. As such, Liminex's infringement of the '371 Patent has been willful since at least early June 2017.

37. Liminex's accused GoGuardian products comprise one or more servers of Liminex for storing policies used to manage use of Chromebooks. Upon information and belief, requests to perform functions on a managed Chromebook over a network are routed to one or more Liminex servers via force-installed Google

extensions for comparison to stored policies. Policy decisions are then enforced on the managed Chromebook via the Google extensions whereby requested functions which do not violate any relevant policy are permitted while requested functions that violate any relevant policy are denied.

38. Liminex, without authority, consent, right, or license, and in direct infringement of the '371 Patent, make, has made, uses, and sells products that practice the invention claimed in at least claim 1 of the '371 Patent. By way of example only, Liminex's selling and using, through quality testing and demonstrations of operation, the accused GoGuardian Products to manage use of Chromebooks directly infringe at least Claim 1 of the '371 Patent.

39. Liminex also actively induces infringement of at least claim 1 of the '371 Patent by its customers and end users of at least the accused GoGuardian products and is therefore liable for indirect infringement under 35 U.S.C. § 271(b). Use of the accused GoGuardian products, such as Admin 2.0 and Teacher, to manage use of Chromebooks in the manners described above infringes at least Claim 1 of the '371 Patent. Liminex makes and sells the accused GoGuardian products knowing that they are especially designed for and marketed toward such infringing use by users of these products, such as by school districts and teachers, for example, for use in selectively permitting or denying use of Chromebook functionality by students. Further, Liminex provides step-by-step instructions for use of the accused GoGuardian products in ways that infringe claims of the '371 Patent in the form of online content available through the GoGuardian website.

40. Liminex contributes to the infringement of one or more of the claims of the '371 Patent by its customers and end users of at least the accused GoGuardian products and is therefore liable for indirect infringement under 35 U.S.C. § 271(c). Liminex makes and sells the accused GoGuardian products which are especially designed for use to manage Chromebooks through the setting and enforcement of remotely stored administrator-configured policies in the manner described above.

Policies are set and stored via online dashboards and servers of Liminex and implemented through force-installed Google extensions on the managed devices. As such, Liminex's online dashboards and servers comprise material aspects of the system claimed in at least claim 1 of the '371 Patent. Further, upon information and belief, the accused GoGuardian products have no substantial non-infringing use, as they are specifically designed and marketed for use to manage use of Chromebooks. Use in the manner advertised by Liminex constitutes direct infringement of at least claim 1 of the '371 Patent.

41. Kajeet expressly reserves the right to assert additional claims of the '371 Patent against Liminex.

42. Kajeet has been damaged as a result of Liminex's infringing conduct. Liminex is, thus, liable to Kajeet in an amount that adequately compensates for its infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

43. Based on Liminex's actual knowledge of the '371 Patent and of Kajeet's allegations of patent infringement which are consistent with those presented herein since at least June 1, 2017, if not earlier, as well as Liminex's objective recklessness in continuing to offer for sale and selling the accused GoGuardian products since that time, Kajeet is further entitled to enhanced damages under 35 U.S.C. § 284.

## COUNT III

## PATENT INFRINGEMENT

## U.S. Patent No. 8,630,612 B1

44. Kajeet repeats and re-alleges all preceding paragraphs of this Complaint, as though fully set forth herein.

45. On January 14, 2014, United States Patent No. 8,630, 612 B1 ("the '612 Patent") was duly and legally issued for "Feature Management of a Communication Device." As of the filing of this Complaint the '612 Patent remains in force. A true

and correct copy of the '612 Patent is attached hereto as Exhibit "C" and made a part hereof.

46. Kajeet is the owner of all right and title in the '612 Patent, including all rights to enforce and prosecute action for infringement of the '612 Patent and to collect damages for all relevant times against infringers of the '612 Patent. Accordingly, Kajeet possesses the exclusive right and standing to prosecute the present action for infringement of the '612 Patent by Liminex.

47. The '612 Patent generally discloses and claims systems and methods for managing computing devices, such as Google Chromebooks, for example, usable on communication networks to perform various functions, such as sending and receiving data over the Internet via one or more servers, for example. The systems and methods comprise a memory bearing instructions accommodating the storing of policies based upon which decisions granting or denying usage requests of the managed devices are made. The policies are set by an administrator and are applicable to one or more managed devices comprising a defined group, whereby the policies may be associated to one or more particular groups for decision making and enforcement thereof. Decisions to grant or deny usage requests made by users of a managed device are enforced via, at least, allowance or disallowance of the requested action.

48. Liminex has had actual knowledge of the existence of the '612 Patent since at least early June 2017 for at least the reasons discussed above. As such, Liminex's infringement of the '612 Patent has been willful since at least early June 2017.

49. Liminex's accused GoGuardian products comprise one or more servers of Liminex comprising memories for storing policies used to manage use of Chromebooks. These policies are updateable by administrators via online portals or dashboards, with the updated policies implemented to make policy decisions for usage of managed devices in real-time. Policies may be configured to correspond to specific organizational units, or groups, within the population of managed devices, such as all

students within a specific grade level or class, for example. Upon information and belief, requests to perform functions on a managed Chromebook over a network are routed to one or more Liminex servers via force-installed Google extensions for comparison to stored policies, including policies corresponding to organizational units or groups. Policy decisions are made and enforced on the managed Chromebook via the Google extensions whereby requested functions which do not violate any relevant policy are permitted while requested functions that violate any relevant policy are denied.

50. Liminex, without authority, consent, right, or license, and in direct infringement of the '612 Patent, makes, has made, uses, and sells products that practice the invention claimed in at least claim 1 of the '612 Patent. By way of example only, Liminex's selling and using, through quality testing and demonstrations of operation, the accused GoGuardian Products to manage use of Chromebooks directly infringe at least Claim 1 of the '612 Patent.

51. Liminex also actively induces infringement of at least Claim 1 of the '612 Patent by its customers and end users of at least the accused GoGuardian products and is therefore liable for indirect infringement under 35 U.S.C. § 271(b). Use of the accused GoGuardian products, such as Admin 2.0 and Teacher, to manage use of Chromebooks in the manners described above infringes at least Claim 1 of the '612 Patent. Liminex makes and sells the accused GoGuardian products knowing that they are especially designed for and marketed toward such infringing use by users of these products, such as by school districts and teachers, for example, for use in selectively permitting or denying use of Chromebook functionality by students. Further, Liminex provides step-by-step instructions for use of the accused GoGuardian products in ways that infringe claims of the '612 Patent in the form of online content available through the GoGuardian website.

52. Liminex contributes to the infringement of one or more of the claims of the '612 Patent by its customers and end users of at least the accused GoGuardian

products and is therefore liable for indirect infringement under 35 U.S.C. § 271(c). Liminex makes and sells the accused GoGuardian products which are especially designed for use to manage Chromebooks through the setting and enforcement of remotely stored and updatable administrator-configured group policies in the manner described above. Policies are set and stored via online dashboards and servers of Liminex and implemented through force-installed Google extensions on the managed devices. As such, Liminex's online dashboards and servers comprise material aspects of the system claimed in at least claim 1 of the '612 Patent. Further, upon information and belief, the accused GoGuardian products have no substantial non-infringing use, as they are specifically designed and marketed for use to manage use of Chromebooks. Use in the manner advertised by Liminex constitutes direct infringement of at least claim 1 of the '612 Patent.

53. Kajeet expressly reserves the right to assert additional claims of the '612 Patent against Liminex.

54. Kajeet has been damaged as a result of Liminex's infringing conduct. Liminex is, thus, liable to Kajeet in an amount that adequately compensates for its infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

55. Based on Liminex's actual knowledge of the '612 Patent and of Kajeet's allegations of patent infringement which are consistent with those presented herein since at least June 1, 2017, if not earlier, as well as Liminex's objective recklessness in continuing to offer for sale and selling the accused GoGuardian products since that time, Kajeet is further entitled to enhanced damages under 35 U.S.C. § 284.

### IV. JURY DEMAND

56. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of the Asserted Patents have been directly infringed, either literally or under the doctrine of equivalents, by Defendant, or judgment that one or more of the claims of the Asserted Patents have been directly infringed by others and indirectly infringed by Defendant, to the extent Defendant contributed to or induced such direct infringement by others;

b. Judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein, including enhanced damages as permitted by 35 U.S.C. § 284;

c. Judgement that Liminex's infringement is willful from the time Liminex became aware of the infringing nature of its products and methods and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

d. That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

d. That the Court declare this an exceptional case and award Plaintiff its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

e. That Liminex, its officers, agents, servants and employees, and those persons in active concert and participation with any of them, be permanently enjoined from infringement of one or more claims of the Asserted Patents or, in the alternative, if the Court finds that an injunction

        is not warranted, Plaintiff requests an award of post judgment royalty to compensate for future infringement; and

   f.    That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

DATED: January 25, 2018        /s/ Frederick W. Kosmo, Jr.

Frederick W. Kosmo, Jr.
Hubert Kim
Morgan P. Suder
WILSON TURNER KOSMO LLP
550 West C Street
San Diego, California 92101-3532
Telephone: (619) 236-9600
Fax: (619) 236-9669
Email: fkosmo@wilsonturnerkosmo.com
Email: hkim@wilsonturnerkosmo.com
Email: msuder@wilsonturnerkosmo.com

Attorneys for Plaintiff
KAJEET, INC.

Of Counsel:

Jonathan T. Suder
Corby R. Vowell
Richard A. Wojcio, Jr.
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
Telephone: (817) 334-0400
Facsimile: (817) 334-0401
Email: jts@fsclaw.com
Email: vowell@fsclaw.com
Email: wojcio@fsclaw.com